IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Richard Metsker, )
Wilma Metsker )   Case No: 1:05-cv-02457 RCL
            )
    Plaintiff, )
v.          )
UNITED STATES (Government), )
            )
    Defendant. )
            )

## RESPONSE TO MOTION TO DISMISS

Plaintiff(s) object(s) to and move(s) to strike/deny defendants' motion to dismiss. Counsel's motion is a substantive and procedural nullity, is frivolous on its face, and is interposed for the sole purpose of delaying this litigation and increasing the cost and expense of this litigation.

Counsels attempt to avoid subject matter and personal jurisdiction by misrepresenting that service was improper and that plaintiff(s) have not exhausted administrative remedies is unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law. Sanctions under Fed.R.Civ.P 11(b) should be imposed.

### IMPROPER SERVICE

Counsel confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected:

RECEIVED
MAY 2 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

> (1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...

While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff to effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail...".

Counsel presents no authority which prevents plaintiff(s) from certifying that plaintiff placed the summons and complaint in the mail as required by Fed.R.Civ.P. 4(i)(1)(A). Counsel also alleges that plaintiff(s) did not serve the Internal Revenue Service. This is a clear misrepresentation of this matter as the Internal Revenue Service is not named as a party to this matter and thus plaintiff is not required to serve the Internal Revenue Service.

### EXHAUSTION OF REMEDY A FACT FOR THE JURY

Regardless of counsel's assertions regarding whether the alleged acts are actionable under 7433, counsel's regurgitated assertions with respect to exhaustion of

remedies is defeated by recent decisions of the Court: In <u>Turner v. United States</u>, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006), the Court cited Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006), a recent Supreme Court case, finding that the issue of exhaustion of the administrative remedy is nonjurisdictional. <u>Turner</u>, slip op., 7. In reaching that finding, the Turner Court identified the issue of exhaustion of remedy as a threshold fact, noting that

> "[W]hen a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim; if the fact is jurisdictional, the trial judge may be authorized to resolve the factual dispute, but disputes regarding predicate facts for the claim generally are tried to a jury."

<u>Turner</u>, slip op., 6, citing <u>Arbaugh v. Y & H Corp.</u>, 126 S.Ct. 1235, at 1244.

The <u>Arbaugh</u> Court states the issue more clearly:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ."

Based upon the Turner Court's finding, and the Supreme Court case upon which that finding was based, the threshold/predicate facts regarding exhaustion of administrative remedies - described as an essential element - and any asserted "failure" to exhaust, are to be left to a jury. Necessarily, the applicability of any exception to an exhaustion requirement is for the jury as well.

Whether IRS "has articulated a clear position that it has demonstrated it is unwilling to reconsider" <u>Randolph-Sheppard Vendors of Am. v. Weinberger</u>, 795 F.2d

90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982); or, is biased, See: McCarthy v. Madigan, 503 U.S. 140, 146, also cited in Turner, slip op., p. 3, are threshold/predicate facts that should be left to a jury.

    The McCarthy Court opined, at 148-9:

    "This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion*****Third, an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968) (in view of Attorney General's submission that the challenged rules of the prison were "validly and correctly applied to petitioner," requiring administrative review through a process culminating with the Attorney General "would be to demand a futile act"); Association of National Advertisers, Inc. v. FTC, 201 U.S. App.D.C. 165, 170-171, 627 F.2d 1151, 1156-1157 (1979) (bias of Federal Trade Commission chairman), cert. denied, 447 U.S. 921 (1980). See also Patsy v. Florida International University, 634 F.2d 900, 912-913 (CA5 1981) (en banc) (administrative procedures must "not be used to harass or otherwise discourage those with legitimate claims"), rev'd on other grounds, Patsy v. Board of Regents of Florida, 457 U.S. 496 (1982)."

    Whether the facts, related in the Verified Complaint, and as developed through discovery and trial, establish any bias on the part of IRS is for the jury to decide.

    The McCarthy Court further stated, "where Congress has not clearly required exhaustion, sound judicial discretion governs." 503 U.S. at 144. Arbaugh elaborated, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

    The Court has already found the statutory limitation nonjurisdictional. Turner, slip op., 7, following Arbaugh. All that is left is for the Court to recognize Arbaugh's

example, "the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ," and let the jury decide.

Based upon the foregoing, Plaintiff respectfully asserts that the Court should deny the motion to dismiss, and, set a scheduling conference for jury trial.

Respectfully Submitted

Dated _May 18_, 2006

_Richard Metsker_
Richard Metsker
13369 Ellipse Lane
Carthage, MO.

_Wilma Metsker_
Wilma Metsker
13369 Ellipse Lane
Carthage, MO.

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on defendant's attorney at his/her address of record.

Dated _May 18_, 2006

_Richard Metsker_
Richard Metsker