# United States District Court
IN THE DISTRICT OF COLUMBIA

Richard Metsker  
Wilma Metsker  
13369 Ellipse Lane  
Carthage, MO

Case No. 1:05-cv-02457-RCL

CROSS MOTION FOR SUMMARY JUDGMENT

          Plaintiff(s),

v.

United States  
          Defendant.

Plaintiff hereby enters this Cross Motion for Summary Judgment. This Cross Motion is supported by the following::

FACTS IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT

1.  Defendant has moved to dismiss the above-captioned action under Fed.R.Civ.P. 12(b), generally, citing insufficiency of service, and for lack of subject matter jurisdiction.

2.  Defendant's motion is made with full knowledge that the Court has found that the basis upon which such "12(b)" motion rests fails to support a "12(b)(1)" motion; and is nonjurisdictional.

3.  Defendant's motion is made with full knowledge that the Court has construed such baseless general motion as a motion under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

4.  Defendant's motion is made with full knowledge that

> "For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of plaintiff. See Fed.Rule Civ.Proc. 8(f); Conley v. [395 U.S. 422] Gibson, 355 U.S. 41 (1957)."

RECEIVED  
JUL 17 2007  
NANCY MAYER-WHITTINGTON, CLERK  
U.S. DISTRICT COURT

Jenkins v. McKeithen, 395 U.S. 411, at 421-22.

5. Defendant's motion is made with full knowledge that the Court has treated such general "12(b)" motion, construed as a motion under Fed.R.Civ.P. 12(b)(6), as a motion for summary judgment, in accordance with the rule.

6. Defendant's motion is made with full knowledge that a motion for summary judgment is decided upon "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," under Fed.R.Civ.P. 56(c).

7. Defendant's motion for summary judgment is knowingly made without benefit of "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," sufficient to overcome Plaintiff's Verified Complaint See: *Neal v. Kelley*, 963 F.2d 453 (D.C. Cir. 1992), or Plaintiff's Affidavit.

Based upon defendant's blanket admission of all material allegations in Plaintiff's Complaint; and upon defendant's "mere allegations or denials" of Plaintiff's Complaint; and upon defendant's failure to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," Plaintiff is the sole party entitled to summary judgment.

Respectfully,

Dated: July 12, 2006

_____
Richard Metsker

_____
Wilma Metsker

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of MO, personally appeared, Richard Metsker, Wilma Metsker known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.


Notary, State of MO

On the above inscribed date before the undersigned, a Notary Public for the State of MO, personally appeared Richard Metsker , known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that s/he executed the same as his/her free act and deed.

*Ambee D Whitehead*
Notary, State of MO

   AMBER D. WHITEHEAD
Jasper County
My Commission Expires
December 18, 2006

## CERTIFICATE OF SERVICE

    I certify that I have served a copy of the forgoing on defendant's attorney at her Address of record.

Dated _July 12_, 2006

                                                                               _/s/ Richard Metsker_
                                                                               Richard Metsker