IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD METSKER & WILMA METSKER, ) ) ) Plaintiffs, ) ) v. ) UNITED STATES, ) ) Defendant. ) | No: 1:05-cv-02457 (RCL) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RELIEF FROM ORDER OF DISMISSAL
UNDER FED.R.CIV.P. 60(b)(3) & (6)**

This is a civil action in which plaintiffs alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiffs sought damages for alleged "wrongful collection."

STATEMENT & DISCUSSION

1. <u>Background</u>.  Plaintiffs, Richard Metsker and Wilma Metsker, filed a complaint for damages and other relief on December 23, 2005.  (PACER #1.)  The United States moved to dismiss the complaint on April 5, 2006.  (PACER #7.)  On March 28, 2007, the Court dismissed the complaint, and the Clerk entered the order of dismissal on the same day.  (*See* PACER #16.)

2. <u>Plaintiffs' rule 60 motion</u>.  On August 8, 2007, plaintiffs filed a motion for "relief from the Order of 21 November, 2006 [sic], dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed.R.Civ.P.60(b)(3) and

2318657.1

(6)." (Pltfs'. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 1.) The motion, thus, seeks to vacate an order of dismissal purportedly issued and entered on November 21, 2006. (*Id*. at 1.) Since the order of dismissal was entered on March 28, 2007, the motion references an order which does not exist. The United States, however, will address the motion as though it requested relief from the March 28, 2007 order.

   3. Plaintiffs' rule 60(b)(3) motion is baseless. The standard for relief under rule 60(b)(3) is exacting: plaintiffs must prove "by clear and convincing evidence some sort of fraud, misrepresentation or other misconduct." *Martin v. Howard Univ.*, 2000 WL 2850656, *3 (D.D.C. 2000), and must demonstrate "actual prejudice" resulting from the misconduct, misrepresentation or fraud." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

   Plaintiffs present seven arguments in support of their motion for reconsideration. None specifies whether it is in support of rule 60(b)(3) or (6). But it appears that only four allege misconduct, misrepresentation or fraud. (*See* Pltfs'. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 2, 4,7, 8, 9.)[1] Plaintiffs ask

---

[1] These legal arguments are: 1) did plaintiffs comply with Fed.R.Civ.P. 4(i) in serving the United States (p.2); 2) did the United States misrepresent the status of the Court's subject matter jurisdiction (p. 4); 3) did plaintiffs adequately demonstrate his exhaustion of administrative remedies under the notice pleading regime of the federal courts (p.4); 4) did the United States misrepresent 26 U.S.C. § 301.7433-1 as a substantive rule (p.7); 5) were plaintiffs's notice pleadings sufficient to establish a presumption of a pattern of unlawful activity (p.7-8); 6) did the United States construct a "refund suit" argument with the intention to mislead the Court (p.8); 7) was the United States' argument regarding the Anti-Injunction Act (26 U.S.C. § 7421) frivolous (p.9)?

whether the United States misrepresented "judicial precedent in respect of service"; the "status of the Court's subject matter jurisdiction"; whether 26 C.F.R. § 301.7433-1 is a substantive regulation; whether the United States intended to mislead the Court with its argument regarding plaintiffs' request for refund.  (*See, id.* at 2, 4, 7, 8.)

The United States' position that plaintiffs's attempt to serve the United States by himself sending the summons and complaint did not constitute proper service is supported by the caselaw the United States cited in its brief.  Similarly, the United States' position that a failure to exhaust administrative remedies deprives this Court of subject-matter jurisdiction under the principle of sovereign immunity is supported by caselaw in this jurisdiction, although the United States is aware that there is now a split of authority in this Court on this issue.

The assertion that the United States misrepresented 26 C.F.R. § 301.7433-1 as a substantive regulation is also incorrect.  The United States cited the regulation in its motion to dismiss, but made no mention of whether the regulation was substantive or not.  At any rate, the plaintiffs' failure to allege that they properly filed an administrative claim leaves them unable to collect damages under Section 7433 itself, regardless of whether the regulation is "substantive" or not.

The assertion that the United States' argument against plaintiffs' claim for refund was intended to mislead the Court borders on the frivolous.  The plaintiffs, in paragraph 20 of their complaint, requested that the Internal Revenue Service issue them a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds . . . ."  This

demand, on its face, is a claim for refund. The United States would have been remiss if it had <u>not</u> addressed this issue.

Plaintiffs cannot show any misconduct, misrepresentation or fraud that would warrant relief under rule 60(b)(3), because, as shown above, there was none.

4. <u>Plaintiffs' rule 60(b)(6) motion is baseless</u>. Relief under Fed.R.Civ.P. 60(b)(6) should be only sparingly granted. *Computer Professionals for Social Responsibility v. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996). The rule applies only to extraordinary circumstances. *Id*. Nevertheless, when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b) may be proper. *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

It is clear from plaintiffs' papers that all seven of their arguments are presentations of purely legal arguments. A legal argument is not a "previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." These arguments, which plaintiffs could have and should have made previously, do not constitute the "extraordinary circumstances" that would justify relief under rule 60(b)(6).

**[remainder of page intentionally left blank]**

CONCLUSION

It is the position of the United States that plaintiffs' motion under Fed.R.Civ.P. 60(b)(3) & (6) should be denied.

DATE:   August 23, 2007.

                                    Respectfully submitted,

                                    /s/ Charles H. Keen
                                    CHARLES H. KEEN
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Washington, DC  20044
                                    Telephone/FAX:  (202) 307-6536/514-6866
                                    Email: charles.h.keen@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3) & (6) was served upon plaintiffs by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> RICHARD METSKER
> WILMA METSKER
> *Plaintiffs Pro Se*
> 13369 Ellipse Lane
> Carthage, Missouri 64836.

>> /s/ Charles H. Keen
>> CHARLES H. KEEN